IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BARBARA ANN CATO )
)
v. ) No. 3:17-0382
) Judge Crenshaw/Holmes
NANCY A. BERRYHILL, )
    Acting Commissioner of )
    Social Security[1] )

## O R D E R

This action was filed pursuant to 42 U.S.C. § 405(g). The Commissioner has responded by filing an answer and the certified record. Therefore, the filing of a **motion for judgment based on the administrative record** is appropriate and necessary for the Magistrate Judge's Report and Recommendation.

To facilitate review of the administrative decision, the plaintiff is directed to file a **motion for judgment based on the administrative record** and an accompanying memorandum in support of the motion within twenty-eight (28) days of entry of this order.[2] The plaintiff's memorandum shall include the following:

(a) **Statement of the Case.** This statement shall briefly outline the course of proceedings and disposition at the administrative level. The statement shall set forth a brief statement of relevant facts including the plaintiff's age, education, work experience, a summary of the physical and/or mental impairments alleged by the plaintiff, and an outline of the pertinent factual, medical, and vocational evidence in the record. Each statement of fact should be supported by reference to the specific page(s) in the record where the evidence is located.[3]

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

[2] The plaintiff shall **not** file a motion for summary judgment, *see Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring), but rather a motion for judgment on the administrative record.

[3] In referencing the administrative record, the parties shall utilize the Bates-stamped numbers, which are the numbers in large black print generally located on the bottom right corner of each page.

(b) **Statement of Errors.** This statement should set forth, in separately numbered paragraphs, the specific errors allegedly committed at the administrative level which entitle the plaintiff to relief. **The Court will consider only those errors specifically identified in the briefs**. A general allegation that the ALJ's findings are unsupported by substantial evidence is insufficient.

Each specific error alleged should be supported by reference to the portion of the record relied upon and by citations of statutes, regulations, and cases supporting the plaintiff's position. **Failure to support arguments with proper factual and legal citations will result in waiver of such arguments**.

Relevant cases from this district and circuit should be cited. If authority on point from this jurisdiction does not exist, cases from other districts and circuits may be cited.

The plaintiff's memorandum should conclude with a short statement of the relief sought. Specifically, the memorandum should state whether the plaintiff seeks (1) reversal; (2) remand; or (3) reversal or, in the alternative, remand.[4]

The defendant shall, within twenty-eight (28) days of service of the plaintiff's motion, file a responsive brief. The defendant shall respond **specifically** to each issue raised by the plaintiff. The defendant shall also support each response by reference to the portion of the record relied upon and by citations of statutes, regulations, and cases supporting the defendant's position. In addition, the responsive brief should raise relevant matters not put at issue by the plaintiff and include any supplemental materials needed to support such other matters.

The defendant should include a "statement of the case," only to the extent the defendant contends that the plaintiff's statement is inaccurate or incomplete.

---

[4] In the case of a remand, the plaintiff should indicate whether the remand is being sought pursuant to sentence four of 42 U.S.C. § 405(g) or sentence six of 42 U.S.C. § 405(g). If the relief sought is a remand pursuant to sentence six, i.e., the plaintiff is seeking consideration of additional evidence, the plaintiff must show that the evidence is new and material and that there was good cause for failing to submit the evidence during the administrative proceedings. If the plaintiff seeks another form of relief not mentioned above, the plaintiff is instructed to state the relief sought and cite the proper authority supporting such relief.

The plaintiff shall have fourteen (14) days after service of the defendant's responsive brief to file a reply brief, if necessary. The reply brief shall not exceed five (5) pages absent permission from the Court.

Neither party is required to file Social Security Appeal Fact forms.

It is so ORDERED.

                                                BARBARA D. HOLMES
                                                United States Magistrate Judge